

# THE ATTORNEY GENERAL

## OF TEXAS

**AUSTIN, TEXAS 78711**

CRAWFORD C. MARTIN
ATTORNEY GENERAL

December 16, 1968

Honorable Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. M-318

Re: Effect of Subsection No. 5
of new Section 1-e of
Article 8 of the Texas
Constitution, known as
Amendment No. 7, adopted
at the General Election of
November 5, 1968.

Dear Mr. Calvert:

Your request for an opinion reads, in part, as
follows:

"The electorate of the State of Texas, at the General
Election held November 5, 1968, passed Constitutional
Amendment No. 7, which calls for the phasing out of
certain sections of the State Ad Valorem Tax during the
next several years. Sub-section No. 5 of Amendment
No. 7 reads as follows:

'The fees paid by the State for both assessing
and collecting state ad valorem taxes shall not
exceed two per cent (2%) of the State taxes
collected. This sub-section shall be self-
executing.'

"The commission fees being paid at this date for State
tax collections are as follows:

(1)   ARTICLE 3939 - Collecting Commission:
          First $20,000.00        @              5%
          Balance                 @              2%

(2) ARTICLE 7331 - Additional Commission on
    Redemption Collections:
    Total amount                @            5%

(3) ARTICLE 7209 - Collecting and assessing of
    Supplemental items:
    Total amount                @            4% (½ paid by
                                                County)

"Our first and primary question is - 'What effect
will Sub-section No. 5 have on the commission fees
listed above?' January 1, 1969 will be the date of
the beginning of the reduction in the State Tax Rate
and we would like for you to state when a change in
commission fees will be in effect, if you determine
a change is in order.

"My second question is - 'Under Sub-section No. 5,
can the Comptroller in 1969 pay the Assessing Commis-
sion Fee to the County Tax Assessor-Collector as set
forth in ARTICLE 3937?' I list the following schedule
of assessing commissions paid prior to the passage of
Amendment No. 7:

    First  $5,000,000.00    @    .05 per $100.00 tax value
    Next   $95,000,000.00   @    .03½ per $100.00 tax value
    Balance                 @    .02¼ per $100.00 tax value
    (One-half of the above commission is paid by State,
    and one-half by County)

"Question No. 3 is - 'Can the State continue to make
additional commission payment to an attorney who has
contracted with the State and County for the collection
of delinquent taxes under the terms of Article 7335-a?"

In Attorney General Opinion No. V-851 (1949), the Attorney
General ruled on questions concerning amendments to Articles
3937 and 3939, Vernon's Civil Statutes, which increased the
compensation for assessing and collecting taxes. These statu-
tory amendments became effective on June 19, 1949. The summary
of the opinion reads as follows:

    "The assessor-collector should be compensated
    for taxes assessed and collected prior to
    June 19, 1949, at the rates provided in Articles
    3937 and 3939 before their amendment by S. B.

211, 51st Legislature. They should be compen-
sated for taxes assessed and collected after
June 18, at the rates prescribed in S.B. 211."

The returns of the General Election of November 5, 1968,
were canvassed on November 22, 1968, and it was ascertained
that a majority of votes cast were in favor of Amendment
No. 7.   Therefore, Amendment 7 became a part of the Constitu-
tion of the State of Texas on November 22, 1968; and subsection
No. 5, being self-executing, became effective on that date.
Attorney General Opinion Nos. M-296 (1968); 0-6278 (1944); 0-
2841 (1940); 0-6821 (1945).

The Constitution declares the organic law of the State,
and its pronouncements are supreme.   Thus, constitutional
provisions are controlling over all statutory provisions which
are in conflict therewith, to the extent of the conflict.
12 Tex.Jur.2d 359, Constitutional Law, §§ 9 and 10.   It is
also the rule that unless the contrary is manifest, a consti-
tutional provision will be construed to operate prospectively
only.   12 Tex.Jur.2d 360, Constitutional Law, § 11.

In applying these rules and precedents to your first
two questions, it is the opinion of this office that the fees
paid by the State to Tax Assessors-Collectors should be governed
as follows:

(1)  As to all State taxes which were both assessed and
collected before the effective date of the amendment, fees
should be paid in accordance with the applicable assessment
and collection fee statutes which were in effect immediately
prior to such effective date.

(2)  As to all State taxes which are both assessed and
collected on and after the effective date of the amendment,
the only fees paid by the State should be 2% of the amount of
taxes actually collected.   This rule applies to redemption and
supplemental items as well as ordinary collections and assess-
ments.

(3)  As to all State taxes assessed but not collected
before the effective date of the amendment, the fees paid for
such assessment service should be in accordance with the appli-
cable assessment fee statutes which were in effect immediately
prior to such effective date.

(4)  As to all State taxes assessed on and after the
effective date of the amendment no fees should be paid for the
assessment service alone, but a fee of 2% of the amount of such

assessed taxes which are actually collected should be paid as compensation for the complete service of both assessing and collecting such taxes.

(5) As to all State taxes which were assessed before the effective date of the amendment but which are collected on and after that date, the State should pay 2% of the amount of taxes collected. This conclusion is reached on grounds that the amendment contemplates that fees in some amount will be paid for tax money actually collected; that the fees paid under the preexisting statutes for assessments were earned before the effective date of the amendment; that the amendment provides no measure whatsoever whereby a specific part of the 2% fee can be allocated for collection alone; that a reasonable construction of the amendment should be given so as to do equity and to give rise to as few questions in its application as possible. 12 Tex.Jr.2d, 362-368, Constitutional Law, §§ 14-22.

We now proceed to your third question which has regard to the effect of the amendment on Article 7335a, Vernon's Civil Statutes.

Article 7335, Vernon's Civil Statutes, provides for commissioners' courts to contract with attorneys to enforce or assist in the enforcement of the collection of delinquent State and county taxes for a percentage of the taxes, penalty and interest actually collected. Article 7335a provides that no such contract shall be made where the compensation to be paid the attorney is more than 15% of the amount collected.

The amendment in question speaks of fees to be paid by the State for both assessing and collecting State Ad Valorem Taxes. The thrust of this language is toward the dual function of assessing and collecting State taxes. This dual function can only be accomplished by county Tax Assessors-Collectors. In Texas there is no separate office of Tax Collector, and there is no separate office of Tax Assessor. The only office applicable to these tax functions is that of Assessor and Collector. Article VIII, Sections 14, 16 and 16a of the Constitution of Texas. Therefore, we construe the amendment as applying only to fees to be paid by the State to county Tax Assessors-Collectors. Of course, a delinquent tax attorney is not an Assessor in any sense of the word.

Furthermore, we interpret Articles 7335 and 7335a as having to do with legal services rendered (in the words of Article 7335) "To enforce or assist in the enforcement of the collection of any delinquent State and county taxes. . . ." Thus, the compensation allowed the attorney is in the nature of legal fees for enforcement services and does not smack of the fees for assessment and collection contemplated by the amendment in question.

We conclude, then, that the amendment in question does not affect the terms and provisions of Articles 7335 and 7335a.

### SUMMARY

Subdivision 5 of the new Section 1-e added to Article 8 of the Constitution of the State of Texas became effective on November 22, 1968.

Tax Assessors-Collectors should be compensated for taxes assessed or collected prior to November 22, 1968, at the rates prescribed in the applicable fee statutes preexisting the amendment. They should be compensated for taxes assessed and collected on and after November 22, 1968, at the rate of 2% of the amount of assessed taxes which are actually collected; and they should be paid at the rate of 2% of the amount of taxes collected on and after November 22, 1968, but which were assessed prior thereto. Articles 7335 and 7335a, V.C.S., were not affected by the amendment.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Alfred Walker
Assistant Attorney General

APPROVED:

OPINION COMMITTEE
Kerns B. Taylor, Chairman
John Reeves
Bill Craig
Fisher Tyler
Jack Goodman

A. J. Carubbi, Jr.
Staff Legal Assistant